**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| United States of America, | Case No. 1:23-cr-00184-RDM |
| Plaintiff, | |
| v. | Motions In Limine |
| Jared Lane Wise, | |
| Defendant. | |

**Table of Contents**

I. Introduction ........................................................................................................................ 3

II. Factual Background ......................................................................................................... 3

III. Motion *in limine* to exclude under Rule 401 and 403 (1) Mr. Wise's statements referring to law enforcement as "Nazis" and "Gestapo", and (2) any witness or government statements referring to Mr. Wise as a "rioter" or "insurrectionist." ................................................................................................................. 5

    **1. Legal Framework** ...................................................................................................... 5

    **2. The statements made by Mr. Wise are not relevant under Rule 401.** ...................... 6

    **3. Mr. Wise's statements are substantially more prejudicial than probative under Rule 403.** ................................................................................. 7

    **4. The terms "rioter" and "insurrectionist" are irrelevant, unfairly prejudicial, and invade the purview of the jury.** ............................................ 8

IV. Motion *in limine* to Exclude Evidence not proffered to Defense Counsel under Federal Rules of Criminal Procedure 12(b)(4). ................................................. 9

V. Motion *in limine* to *Voir Dire* Prospective Jury Members under Federal Rule of Criminal Procedure 24(a)(1). ................................................................................ 11

VI. Conclusion ....................................................................................................................... 12

Page 1 – Motions *in Limine*

CASES

*Batson v. Kentucky*, 476 U.S. 79 (1986) .................................................................................. 14
*DaimlerChrysler Corp. v. NLRB*, 288 F.3d 434 (D.C. Cir. 2002) ................................................... 6
*Dowling v. United States*, 493 U.S. 342 n.3 (1990) ...................................................................... 6
FED. R. CRIM. P. 12(b)(4) ....................................................................................................... 12-13
FED. R. CRIM. P. 24(a)(1) ............................................................................................................ 14
FED. R. EVID. 401 ..................................................................................................................... 6-10
FED. R. EVID. 403 ..................................................................................................................... 6-10
FED. R. EVID. 701 ....................................................................................................................... 11
*Gray v. Mississippi*, 481 U.S. 648 (1987) .................................................................................. 14
*J.E.B. v. Alabama ex rel. T.B*, 511 U.S. 127 (1994) ................................................................... 14
*Old Chief v. United States*, 519 U.S. 172 (1997) ......................................................................... 7
*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008) .................................................... 6
*U.S. v. Diaz*, No. 213CR00148JADGWF, 2014 WL 12708688 (D. Nev. Apr. 14, 2014) ........... 11
*United States ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94 (D.D.C. 2002) ..................... 11
*United States v. Anderson*, 416 F. Supp. 2d 110 (D.D.C. 2006) ................................................. 12
*United States v. August*, 590 F. Supp 3d 972 (W.D. Tex. 2022) ............................................ 10,11
*United States v. Brock*, 863 F. Supp. 851 (E.D. Wis. 1994) ........................................................ 13
*United States v. Carpenter*, No. CR 21-305 (JEB), 2023 WL 1860978 (D.D.C. Feb. 9, 2023) ... 10
*United States v. de la Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995) ............................................... 13
*United States v. Leonard*, 439 F3d 648 (10th Cir 2006) .............................................................. 6
*United States v. Lieu*, 963 F.3d 122 (D.C. Cir. 2020) .................................................................. 6
*United States v. Meadows*, 867 F.3d 1305 (D.C. Cir. 2017) ...................................................... 15
*United States v. Pettiford*, 517 F.3d 584 (D.C. Cir. 2008) ....................................................... 8,10
*United States v. Rhine*, No. CR 21-0687 (RC), 2023 WL 2072450 (D.D.C. Feb. 17, 2023) ....... 10
*United States v. Rodriguez*, 192 F.3d 946 (10th Cir. 1999) ......................................................... 7
*United States v. Sutton*, 642 F. Supp. 3d 57 (D.D.C. 2022) ....................................................... 11
*United States v. Valencia*, 656 F.2d 412 (9th Cir. 1981) ............................................................ 13
*United States v. Warnagiris*, No. 21-0382 (PLF), 2023 WL 6973213 (D.D.C. Oct. 23, 2023) ..... 6

STATUTES

18 U.S.C. § 111 .............................................................................................................................. 7
18 U.S.C. § 231 .............................................................................................................................. 7

I.      Introduction

Under Federal Rules of Evidence 401 and 403, Defendant Jared Wise, through counsel, Peyton Lee, moves *in limine* to exclude (1) Mr. Wise's statements referring to law enforcement as "Nazis" and "Gestapo" and (2) any witness or Government statements referring to Mr. Wise as a "rioter" or an "insurrectionist." Under Federal Rule of Criminal Procedure 12(b)(4), Mr. Wise moves *in limine* to exclude any evidence not provided to defense counsel. Mr. Wise also motions *in limine* under Rule 25(a) to request *voir dire* of prospective jury members.

II.     Factual Background[1]

Around 2:00 p.m. on January 6, 2021, protesters forced entry into the U.S. Capitol, broke windows, and assaulted members of the U.S. Capitol Police. Mr. Wise was not one of those protesters, nor is he alleged to have encouraged or assisted them.

Around 2:20 p.m., members of the U.S. House of Representatives and U.S. Senate, as well as Vice President Mike Pence, were instructed to evacuate chambers and did so. The joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate chamber until the sessions resumed.

Footage from U.S. Capitol closed-circuit television (CCTV) and Metropolitan Police Department Body Worn Cameras (MPD BWC) shows Mr. Wise inside the U.S. Capitol and on the grounds. Around 2:23 p.m., Mr. Wise is alleged to have entered the U.S. Capitol building through the open and unobstructed Senate Wing Door. After entering, Mr. Wise clapped his hands and raised his arms before walking through the Capitol Crypt and past the Memorial Door. About nine

---

[1] This recitation is based on the Complaint filed in this case. Mr. Wise does not concede any of these facts and reserves the right to contest them.

Page 3 – Motions *in Limine*

minutes after entering the Capitol, at 2:32 p.m., Mr. Wise exited through a window adjacent to the now-closed Senate Wing Door.

Around 4:21 p.m., on the West Terrace, Mr. Wise told an MPD officer something to the effect of: "You guys are disgusting. I'm former — I'm former law enforcement. You're disgusting. You are the Nazi. You are the Gestapo. You can't see it. … Shame on you! Shame on you! Shame on you!" He walked away from that officer and continued walking around the West Terrace.

A few minutes later, rows of officers began moving forward in unison, phalanx-style, toward protestors and across the Upper West Terrace. Frontline officers wielding shields pushed protestors and were pushed by protesters at the front of what became a clash or "scrum."[2] With batons extended, officers behind the front line pushed on the backs of the officers in front of them as reinforcement. One or two law enforcement officers appear to have tripped backwards over ankle-high planters on the terrace and fallen into the middle of this phalanx of officers.

Mr. Wise is standing on a lower level of the terrace, several feet below the frontline encounters. With his cell phone pointed at the confrontation, Mr. Wise is alleged to have shouted: "Kill 'em! Kill 'em! Kill 'em!"

On May 31, 2023, the Government charged Mr. Wise in a six-count indictment, alleging he committed two felonies and four misdemeanors in violation of the following statutes:

> COUNT ONE: Civil Disorder and Aiding and Abetting in violation of 18 U.S.C. §§ 231(a)(3) and 2;
>
> COUNT TWO: Assaulting, Resisting, or Impeding Certain Officers and Aiding and Abetting in violation of 18 U.S.C. §§ 111(a)(1) and 2;
>
> COUNT THREE: Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1);

---

[2] Here, the word "scrum" is used to describe a disordered or confused situation involving numerous people. The scrum on the Upper West Terrace involved a sudden clash between the pushing-forward police phalanx and protestors. Mr. Wise was below, not on, the Upper West Terrace.

>    COUNT FOUR: Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2);
>
>    COUNT FIVE: Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D); and
>
>    COUNT SIX: Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G).

See [ECF No. 9](ECF No. 9).

**III.    Motion *in limine* to exclude under Rule 401 and 403 (1) Mr. Wise's statements referring to law enforcement as "Nazis" and "Gestapo," and (2) any witness or government statements referring to Mr. Wise as a "rioter" or "insurrectionist."**

    **1.    Legal Framework**

Before conducting the balancing test required under Federal Rule of Evidence 403, the "district court must first determine . . . whether the evidence at issue is 'relevant' [under] . . . Rule 401." FED. R. EVID. 401; FED. R. EVID. 403; *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). Only relevant evidence is admissible. Fed. R. Evid. 401, 402. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. The party that moves to admit a piece of evidence "has the initial burden of establishing relevance." *United States v. Warnagiris*, No. 21-0382 (PLF), 2023 WL 6973213, at *2 (D.D.C. Oct. 23, 2023) (citing *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990)). The bar for relevance is low. *Oncor Elec. Delivery Co. LLC v. NLRB*, 887 F.3d 488, 500 (D.C. Cir. 2018) (citing *DaimlerChrysler Corp. v. NLRB*, 288 F.3d 434, 443 (D.C. Cir. 2002)).

If the evidence is relevant, the Court will then determine whether the probative value of the evidence is substantially outweighed by considerations such as "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403; *United States v. Lieu*, 963 F.3d 122, 128 (D.C. Cir. 2020). The

Page 5 – Motions *in Limine*

court's method of determining unfair prejudice is a balancing test. *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008). The balancing test of Rule 403 therefore "gives the court discretion to exclude evidence if [its prejudicial value] 'substantially outweigh[s]' the evidence's probative value." *Id.* (quoting *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998)).

Evidence is unfairly prejudicial "if it makes a conviction more likely because it provokes an emotional response in the jury" and has potential to "affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Leonard*, 439 F3d 648, 652 (10th Cir 2006) (citing *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999)). That is, unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

**2.     The statements made by Mr. Wise are not relevant under Rule 401.**

The statements made by Mr. Wise ("You guys are disgusting. I'm former — I'm former law enforcement. You're disgusting. You are the Nazi. You are the Gestapo. You can't see it. … Shame on you! Shame on you! Shame on you!") do not meet the standard of relevance under Rule 401. These statements do not have probative value for the Government's case. The elements of 18 U.S.C. § 111 require the Government to prove that Mr. Wise voluntarily assaulted, resisted, opposed, impeded, intimidated, or interfered with law enforcement in a forcible manner by making physical contact or acting with intent to commit another felony while doing so. 18 U.S.C. § 111. The elements of 18 U.S.C. § 231 require the Government to prove that Mr. Wise knowingly obstructed, impeded or interfered with officers engaged in their official duties, and while doing so obstructed their conduct in a federal function. 18 U.S.C. § 231.

The statements have no relevance to the required statutory elements of these charges. They do not convey the state of mind required by either charge: not only are they disconnected in time from the charged incident, but over-the-top rhetoric is common at a protest and does not equate to intent to take the actions charged in this case. His characterization of law enforcement as "Nazis" or "Gestapo" does not add to the weight of any element of the charges, nor provide the jury with any probative information. The statements taken on their own do not constitute an assault nor obstruction of official duties of law enforcement. The statements do not make any element or crime more probable pursuant to Rule 401. Thus, because the statements hold no probative value, they should be deemed irrelevant and excluded.

### 3. Mr. Wise's statements are substantially more prejudicial than probative under Rule 403.

Even if Mr. Wise's statements are relevant, they should be excluded as unfairly prejudicial under Rule 403. The statements are likely to provoke an emotionally charged reaction from the jury and unfairly inflame the jury's passions against Mr. Wise. The invocation of the "Gestapo" and "Nazis" is extremely politically charged; these are incendiary terms that could cause substantial prejudice against Mr. Wise for invoking or seeming to trivialize such powerful historical touchstones. A potential juror could have family in law enforcement and react strongly and negatively to Mr. Wise's statements. Such statements serve only to portray Mr. Wise as abnormal or an extremist. They may move jurors to convict Mr. Wise for his attitude and beliefs. Given the limited probative value and the highly inflammatory nature of the terms used, the inclusion of his statements creates an unconstitutional risk of personal animus against Mr. Wise. The statements are substantially more prejudicial than probative and should be excluded.

    **4.    The terms "rioter" and "insurrectionist" are irrelevant, unfairly prejudicial, and invade the purview of the jury.**

Statements from the Government or witnesses that refer to Mr. Wise as a "rioter" or "insurrectionist" should be excluded because they are not relevant, are unfairly prejudicial under Rule 403, and invade the purview of the jury by offering an opinion on an ultimate issue. Admittedly, in at least two prior decisions, the District Court denied similar motions by January 6 defendants, ruling that the terms "rioter" and "insurrectionist" were appropriate if they were not excessively repeated. *See, e.g., United States v. Carpenter*, No. CR 21-305 (JEB), 2023 WL 1860978, at*4 (D.D.C. Feb. 9, 2023); *United States v. Rhine*, No. CR 21-0687 (RC), 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023). We urge this Court to rule differently.

The reference to Mr. Wise as a "rioter" or "insurrectionist" is not relevant evidence under Rule 401. None of the charges brought forth against Mr. Wise use the terms "rioter" or "insurrectionist," and he is not on trial for rioting or insurrection. In a similar case, a Nevada District Court granted a motion to exclude the term "organized crime" in reference to the defendant because the defendant was only charged with conspiracy and theft-related offenses. *United States v. Diaz*, No. 213CR-148JADGWF, 2014 WL 12708688, at *3 (D. Nev. Apr. 14, 2014). The court reasoned that referring to the defendant's actions as "organized crime" would inflame the passions of the jury. *Id.*

Specific terms that may improperly influence a jury by coloring their perception of the defendant have been excluded under Rule 403. *See, e.g., United States v. August*, 590 F. Supp 3d 972, 976-77 (W.D. Tex. 2022). In *August*, the defendant was charged with multiple counts of distribution of a controlled substance causing the death or serious bodily injury of five people. *Id.* at 975. In its decision, the court ruled that the Government was precluded from using the term "victims" at trial, when referring to the people that the defendant allegedly killed. The court reasoned

doing so unduly prejudiced the jury by implying the alleged crime "had already been committed" by the defendant. *Id.* at 976. The prosecution's attempt in *August* to label the decedents as "victims" was relevant, but the court determined it was more prejudicial than probative under Rule 403.

Use of the terms "rioter" or "insurrectionist" would unfairly prejudice the jury against the defendant by assuming the defendant's guilt without considering the facts presented at trial. It would also cast a negative light on the defendant, increasing the likelihood in the jury's mind that a "rioter" or "insurrectionist" would commit the alleged violations than a defendant not so labeled.

Any reference to the defendant as a "rioter" or "insurrectionist" risks going beyond the scope of admissible opinion testimony by a lay witness, constituting a legal conclusion under FED. R. EVID. 701. Further, an expert may not reach such legal conclusion when it bears on the criminal charges under FED. R. EVID. 704(b). "[T]he D.C. Circuit has held that expert testimony consisting of legal conclusions is impermissible because such testimony may improperly influence the decisions of the trier of fact–the jury–and impinge upon the responsibilities of the trial court." *United States v. Sutton*, 642 F. Supp. 3d 57,65 (D.D.C. 2022) (citing *United States ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94, 98 (D.D.C. 2002)). Such terms would do nothing but inflame the passions of the jury by providing an implicit, impermissible legal opinion on a complex question.

**IV.    Motion *in limine* to Exclude Evidence not proffered to Defense Counsel under Federal Rules of Criminal Procedure 12(b)(4).**

Defendant requests that the Court issue an order that the Government comply with Rule of Criminal Procedure 12(b)(4) by providing notice of what "specified evidence" it "inten[ds] to use (in its evidence-in-chief at trial)." FED. R.CRIM. P. 12(b)(4).

Under Rule 12(b)(4), "the [G]overnment may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under

Page 9 – Motions *in Limine*

Rule 12(b)(3)(C)." FED. R. CRIM. P. 12(b)(4). Compliance with Rule 12(b)(4)(B) is "mandatory." *United States v. Anderson*, 416 F. Supp. 2d 110, 112 (D.D.C. 2006) (quoting the language of the rule, "must notify"). It "provides a mechanism for insuring that a defendant knows of the Government's intention to use evidence to which the defendant may want to object." FED. R. CRIM. P. 12, Advisory Notes to 1974 Amendment.[3]

The Government cannot satisfy Rule 12(b)(4) by stating merely that it intends to use any and all evidence produced in discovery, given the voluminous quantity of general and case-specific discovery provided in these matters. On the contrary, the only published appellate case addressing the sufficiency of notice expressly rejected such purported notice. *United States v. de la Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995). In *De la Cruz-Paulino*, the district court held that Rule 12(b)(4) notice was satisfied by reference to all discovery. *Id.* The circuit court reversed, holding that such notice is defective because it "does not specify which evidence the government intends to use at trial." *Id.* (quoting *United States v. Brock*, 863 F. Supp. 851, 868 (E.D. Wis. 1994)). Instead of providing notice, "the defendant is still 'left in the dark' as to exactly what evidence, discoverable under Rule 16, the Government intends to rely upon in its case in chief." *Id.* Other courts have similarly, "emphatically reject[ed]" such amorphous notice. *Anderson*, 416 F. Supp. 2d at 113.

As the Advisory Committee notes, Rule 12 is meant to enable defendant to know what "specified evidence" will be used at trial from among the evidence to "which defendant is entitled to discover under rule 16." FED. CRIM. R. P. 12, Advisory Committee Notes to 1974 Amendment. Thus, FRCRP 12 is aimed at determining what subset of discovery will be offered by the

---

[3] At the time, the language of present-day Rule 12(b)(4) was listed in sub-section 12(d). FED. R. CRIM. P. 12, Advisory Committee Notes to 2002 Amendment sub-section 12(d).)

Page 10 – Motions *in Limine*

Government. Such a rule enables the defense to, for example, "avoid the necessity of moving to suppress evidence which the [G]overnment does not intend to use." *United States v. Valencia*, 656 F.2d 412, 415 (9th Cir. 1981) (citing the Advisory Committee Notes). Notice that the Government intends to use all discovery fails to serve that express purpose.

The Government cannot now discharge its obligations under Rule 12(b)(4) by refusing to respond. Rule 12(b)(4) notice should have been provided, "[a]t the arraignment or as soon afterward as practicable." FED. R. CRIM. P. 12(b)(4). Since the Government has indicated it will not comply with the rule, the Court must order it to do so.

### V.     Motion *in limine* to *Voir Dire* Prospective Jury Members under Federal Rule of Criminal Procedure 24(a)(1).

Under Rule 24(a), the court "may examine prospective jurors or may permit the attorneys for the parties to do so." FED. R. CRIM. P. R. 24(a)(1). The importance of this rule was highlighted by the Supreme Court, where it determined that "[v]oir dire examination serves to protect the right to an impartial jury by providing the parties a means of uncovering juror bias." *J.E.B. v. Alabama ex rel. T.B*, 511 U.S. 127, 143–44 (1994).

To provide effective assistance of counsel and to protect Mr. Wise's right to an impartial jury, defense counsel requests the opportunity to personally *voir dire* the prospective members of the jury. Defense counsel's role in identifying jurors who are subject to challenges for cause ensures that the defendant will receive due process of law.

Further, any time limits on attorney-conducted *voir dire* should be permissive enough to accomplish *voir dire*'s bias-uncovering function. Short time limits restrict meaningful questioning of jurors, forcing attorneys to rely on instincts and, potentially, conscious, or unconscious biases. Short time limits conflict with the Supreme Court's "unceasing efforts to eradicate … discrimination in the procedures used to select" juries. *Batson v. Kentucky*, 476 U.S. 79, 85 (1986); *id.* at 106

Page 11 – Motions *in Limine*

(Marshall, J., concurring). "The impartiality of the adjudicator goes to the very integrity of the legal system." *Gray v. Mississippi*, 481 U.S. 648, 668 (1987). Thus, this Court should allow attorney conducted *voir dire* with reasonable time limits.

## VI. Conclusion

For the above reasons, the Defendant, Jared Wise, respectfully requests the Court preclude the above-mentioned statements by Jared Wise and preclude the Government from referencing him as a "rioter" or "insurrectionist." The defense further requests that the Court grant the motion to preclude evidence not proffered to defense counsel, and to permit defense counsel to conduct *voir dire* of prospective jurors.

Respectfully submitted on July 2, 2024.

>*/s/ Peyton Lee*
>Peyton Lee, OSB No. 164224,
>Assistant Federal Public Defender
>101 SW Main Street, Suite 1700
>Portland, OR 97204
>(503) 326-2123
>Email: Peyton_Lee@fd.org
>
>Counsel for Jared Lane Wise