

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*601 D Street., N.W.*
*Washington, D.C. 20530*

June 2, 2024

<u>**VIA EMAIL**</u>

Kurt David Hermansen
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
Kurt_Hermansen@fd.org

   Re: *United States v. Jared Lane Wise*
     Case No. 23-cr-184

Dear Counsel:

  This evening, I have shared an additional production of discovery in this case. This letter also serves as a response to your May 14, 2024 email, which included extensive discovery requests. This production is being shared via USAfx. If you have any questions regarding the provided discovery or are missing something, feel free to call or email me. Please note that this production contains Protective Order materials. The material produced today includes:

- The June 2023 reverse proffer provided by the United States. This material is designated as Highly Sensitive under the Protective Order.

- The transcript of, presentation used in, and exhibits introduced in the grand jury proceedings in this case. As designated in the folder name, all materials within this folder are designated as at least Sensitive under the Protective Order, and are grand jury material. Certain materials are Highly Sensitive under the Protective Order, and that is indicated in their file names.

## I. The Government's General Objections

  As a threshold matter, the government appreciates its constitutional and statutory obligations to disclose material under Rule 16, *Brady*, *Giglio*, and the Jencks Act, and has and will continue to make appropriate disclosures on an ongoing basis. The government believes it has met its obligations and will continue to do so. The government's provision of information in discovery

or in response to this letter should not be interpreted as a concession that the material falls within the government's constitutional or statutory discovery obligations.

The government objects to many of the requests contained in your letter. As you are aware, Rule 16 and *Brady* are limited to evidence that is "relevant" and/or "material" to a case. *See, e.g.*, Rule 16(a)(1)(A) ("Upon a defendant's request, the government must disclose to the defendant the substance of any *relevant* oral statement made by the defendant . . . .) (emphasis added); Rule 16(a)(1)(E) ("Upon a defendant's request, the government must permit the defendant to inspect and to copy . . . items, if the item is within the government's possession, custody, or control and (i) the item is *material* to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.") (emphasis added); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence *favorable to an accused* upon request violates due process where the evidence is *material* either to guilt or to punishment . . . .").

A number of your requests exceed the bounds of discovery set out in these rules. First, a number of requests are overbroad and/or seek information seemingly disconnected from the issues in the case. Courts have made clear that *Brady*, Rule 16 and other discovery rules are not levers to crack open the government's files and do not justify "fishing expeditions," "utter speculation," or "shots in the dark." "To be material the evidence must 'bear more than some abstract logical relationship to the issues in the case.'" *United States v. Slough*, 22 F. Supp. 3d 1, 5 (D.D.C. 2014) (quoting *United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998)). Additionally, the evidence must "be related to refutation of the government's case in chief and not to [the] establishment of an independent . . . bar to the prosecution." *United States v. Apodaca*, 287 F. Supp. 3d 21, 39 (D.D.C. 2017) (quoting *United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000); *see also Gray v. Netherland*, 518 U.S. 152, 168 (1996) ("[T]here is no general constitutional right to discovery in a criminal case, and *Brady*, which addressed only exculpatory evidence, did not create one."). Therefore, as set out below, the government objects to a number of your requests and asks, if you continue to seek these materials, that you make a showing that the materials requested are material or relevant to this case. *See United States v. Oseguera Gonzalez*, 507 F.Supp.3d 137, 168 (D.D.C. 2020) (C.J. Howell) ("If the government does not plan to rely on evidence in its case-in-chief, then to be entitled to access requested items, a defendant must show that the items are 'material to preparing the defense.'") (quoting Rule 16(a)(1)(E)(i)).

To the extent the United States declines to provide information in response to any of the below requests, and you believe the material is discoverable, the United States reiterates its request that you: (1) identify the provision of Rule 16 or any other legal authority that supports your request; and (2) provide an explanation of the relevance and materiality of the requested materials to this case.

## II.    The Government's Responses to Defendant's Specific Requests

### a.  The Government's April 23, 2024 Letter

You have requested "[a] revised response letter from April 23, 2024, with correct 'request numbers' so that defense counsel is clear on the government's position for each request."  *See* Request 1.  As you note, there appears to have been a misnumbering of the referenced requests in the government's April 23, 2024 letter due to, as you suggest, conversion errors.  Attached to this letter is an amended version of the April 2023, 2024 letter.  *See* Attachment A.  Additionally, for ease of reference, the United States also includes as an attachment to this letter, a redline showing the changes in the amended letter from the original version.  *See* Attachment B.  Notably, the April 23, 2024 letter included substantive responses along with referenced request numbers, so the defense could reasonably determine to which response the United States was referring at the time of its response.

### b.  Identification of and Information Regarding Specific Rioters and Victims

You have requested "[t]he name(s) of the specific protestor(s) who Mr. Wise is alleged to be aiding and abetting in the alleged assault charge."  Request 2.  The defendant has not cited any authority for its request.  Without agreeing that the defense is entitled to this information, the United States provides the below nonexhaustive list of cases it has identified in which defendants were charged with assaultive conduct under either 18 U.S.C. § 111 or 18 U.S.C. § 231, based on conduct on the Northwest Courtyard on the Upper West Terrace at the time in question.  The undersigned has identified these cases through conferring with colleagues working on January 6, 2021 prosecutions; accordingly, the below list is not intended to be exhaustive.

- *United States v. Michael Leon Brock*, 21-cr-500 (CJN).
- *United States v. Thomas Harlen Smith*, 21-cr-599 (RBW)
- *United States v. Donnie Wren*, 21-cr-599 (RBW)
- *United States v. Kenneth Joseph Owen Thomas*, 21-cr-552 (DLF)
- *United States v. Jesse James Rumson*, 23-cr-70 (CJN)

You have also requested "[t]he name(s) of the specific victim officer(s) Mr. Wise is alleged to have assaulted (in violation of § 111(a)) and the name of the specific victim officer(s) of the § 231 civil disorder charge."  Request 3.  As previously noted to you, the identity of specific victims is not necessary in an indictment, nor does it justify a bill of particulars.  *See, e.g.*, *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient.").  Despite this, the United States has already provided you with substantial information responsive to this request.  The United States refers you to its previous email on May 12, 2024, in which the United States stated:

The list of victim officers would include at least the following officers.  Again, this list is not exhaustive and does not restrict the government's proof at trial:

- Alberti, Tabitha

3

- Bennett, Dallas
- Boyd, Clarence
- Brown, Tyquan
- Caballero, Enrique
- Dean, Paul
- Hansohn, John
- Leano, Dan Patrick
- Van Duyse, Michael

*See* Attachment C.

You have also requested, for dozens of officers, "Documentation of any weapons or munitions used by them on January 6, 2021 including detailed descriptions of each weapon or munition and any logs or reports detailing the number of times each weapon or munition was used on January 6, 2021," and "Records of any reprimands or disciplinary action of them for excessive use of force on January 6, 2021." *See* Request 6. Additionally, you have also requested, without limiting the request to any particular officers, "[a] complete list of police grenade and gas use on the West Plaza from 1:21 pm to 2:23 pm." *See* Request 7. First, as you know, global discovery includes use of force reports from January 6, 2021. As referenced in the first global production letter you received, use of force reports and other documents related to use of force policies were included in Productions 9, 10, 13, and 28. The United States encourages the defense to make use of global discovery, including by searching the names of officers through relevant databases for responsive material.

Second, as part of its trial preparation, the United States will identify which, if any, law enforcement officers it will call to testify at trial. When such officers are identified, the United States will identify discoverable statements, interview reports, and disciplinary records, and will produce those records to you.

Finally, the United States does not have and does not anticipate having a "detailing [of] the number of times each weapon or munition was used on January 6, 2021" or a "complete list of police grenade and gas use on the West Plaza." The defense has access to the body worn camera footage and can review these videos to the extent it deems doing so appropriate.

**c. Reverse Proffer and CCTV Evidence**

You have requested the "PowerPoint presentation and related video clips (to the extent not all clips were identified in your email from earlier today 5/14/24) from the Government's June 22, 2023 Reverse Proffer." *See* Request 8. Without agreeing that it is discoverable, the United States is producing this material to you as part of this production.

As a further aid to the defense, the United States is including the below table, which will facilitate the review of CCTV video footage already provided to the defense in previous productions. As with other productions, the United States does not represent that the below information is exhaustive of the defendant's movements, nor of the CCTV evidence the United

States may seek to introduce at trial.  This is provided solely to the defense as a tool to aid its review of CCTV footage identified.

In reviewing the table, for a given video file referenced by the "Video Name" column, the left-most column ("Time Clip Starts") indicates the approximate time the video—which has been produced without time stamping within the video—begins.  Moving to the right, the next column ("Time Enters") references the approximate time the defendant appears in the video.  The next column ("Time Enters (into Clip)") indicates the approximate length of time into the video when the defendant appears.  The next column ("Time Exits") refers to the approximate time when the defendant exits the video, and the next column ("Time Exits (into Clip)") indicates the approximate length of time into the video when the defendant exits the screen.

| Time Clip Starts | Time Enters | Time Enters (into Clip) | Time Exits | Time Exits (into Clip) | Video Name |
|---|---|---|---|---|---|
| 14:19:32 | 14:20:20 | 0:00:48 | 14:20:39 | 0:01:07 | 0925_USCG_00_Upper_Terrace_West_-_2021-01-06_19h19min32s.mp4 |
| 14:20:18 | 14:23:57 | 0:03:39 | 14:24:15 | 0:03:57 | 0102USCS01SenateWingDoornearS139_2021-01-06_14h20min18s087ms.mp4 |
| 14:16:15 | 14:28:22 | 0:12:07 | 14:29:01 | 0:12:46 | 0171 USCH 01 Memorial Door - 2021-01-06_19h16min15s.mp4 |
| 14:29:14 | 14:30:59 | 0:01:45 | 14:32:02 | 0:02:48 | 0102USCS01SenateWingDoornearS139_2021-01-06_14h29min14s837ms.mp4 |
| 16:10:33 | 16:19:57 | 0:09:24 | 16:20:28 | 0:09:55 | 0928_USCG_00_Upper_Terrace_NW_-_2021-01-06_21h10min33s.mp4 |
| 16:11:02 | 16:19:59 | 0:08:57 | 16:20:20 | 0:09:18 | 0927_USCG_00_Upper_Terrace_NW_-_2021-01-06_21h11min02s.mp4 |
| 16:18:40 | 16:22:37 | 0:03:57 | 16:24:15 | 0:05:35 | 0926_USCG_00_Upper_Terrace_West_-_2021-01-06_21h18min40s.mp4 |
| 16:11:02 | 16:24:26 | 0:13:24 | 16:24:35 | 0:13:33 | 0927_USCG_00_Upper_Terrace_NW_-_2021-01-06_21h11min02s.mp4 |
| 16:10:33 | 16:24:28 | 0:13:55 | 16:24:49 | 0:14:16 | 0928_USCG_00_Upper_Terrace_NW_-_2021-01-06_21h10min33s.mp4 |
| 16:21:08 | 16:25:55 | 0:04:47 | 16:26:15 | 0:05:07 | 0929_USCG_00_Upper_Terrace_NE_-_2021-01-06_21h21min08s.mp4 |

**d.  Additional Video Requests**

You have requested the names and/or body worn camera numbers for various officers indicated in photographs.  *See* Requests 10–12.  You have also requested the names and biographical information for various individuals holding cell phones, as well as cell phone footage they took.  *See* Requests 13–17.  In a good faith effort to provide you with any such information, the undersigned has conferred with colleagues working on January 6, 2021 prosecutions, but I

have been unable to identify any of the individuals you indicated to date. To the extent the United States identifies such information, and it is otherwise discoverable, it will be provided to you.

### e. Other Additional Requests

You have requested "'skipped' serial numbers" from the FBI's case file in this matter. *See* Request 4. There is no basis to assert that every document within an FBI case file is discoverable, and you have cited no such authority. The United States is aware of its discovery obligations, has complied, and will continue to comply with them, including my producing material from the FBI's case file regarding the defendant.

You have requested "[a]s referenced in '0176-SA-3577551_0000094' (Government's October 1, 2023 discovery production, Line 114): Checkout Evidence Receipt and Chain of Custody Documents." *See* Request 5. The United States is collecting this material and will produce it to you in a subsequent production as soon as possible.

You have requested "[a]ny records relating to the use of a geofence warrant in the investigation of Wise by the FBI." *See* Request 9. Again, we refer the defense to the comprehensive letter, and subsequent letters, which outline, in detail, material produced in global discovery. As referenced in the first global production letter you received, materials responsive to this request were included in Production 12. Additional information was produced to you in case specific discovery on July 18, 2023 (0176-SA-3577551_0000005_1A0000001_0000008.txt) and October 1, 2023 (0176-SA-3577551_0000005.pdf and 0176-SA-3577551_0000005_Import.pdf). As part of this request, you have also requested "correspondence between law enforcement and Google (and other providers like Twitter)." The United States is unaware of any authority that would indicate this material is discoverable.

You have requested certain of the defendant's FBI records. *See* Request 18. As previously noted in our April 23, 2024 letter, the United States is unaware of any basis on which this material is discoverable. As noted in Section I of this letter, to the extent you continue to seek this information, we request that you provide a legal basis and an explanation of the relevancy of this material to this case.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

To the extent you believe there are outstanding discovery requests the United States has not responded to, which you believe are appropriately discoverable, we ask that you please raise those to our attention, along with the basis on which you believe the material is discoverable.

Many of the materials produced are outside the scope of Rule 16 and other discovery obligations here, but the United States is producing them as part of our broad approach to identifying and producing materials related to subjects who the United States has identified as associated with any of the defendants.

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the United States anticipates that a large volume of materials may contain information relevant to this prosecution.

These materials are being produced through the Global Discovery production system on Relativity and Evidence.com. To date, you should have received Global Productions 1-34 on those systems. Please let me know if you are unable to access the materials produced on those two systems.

The discovery provided today is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

All materials deemed "Sensitive" and "Highly Sensitive" should be treated in accordance with the Protective Order previously entered in this case. Any videos (other than those taken from public sources) and grand jury materials should be considered Highly Sensitive, pursuant to the limitations in Paragraph 4 of the protective order. *See* ECF No. 16.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that the defendant disclose prior statements of any witnesses the defendant intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide the defendant with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that the defendant provide the government with the appropriate written notice if the defendant plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact us.

Sincerely,

*/s/ Anthony W. Mariano*
Anthony Mariano
Trial Attorney & Detailee
U.S. Attorney's Office, District of Columbia
(202) 476-0319
Anthony.Mariano2@usdoj.gov

# Attachment A



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*601 D Street., N.W.*
*Washington, D.C. 20530*

April 23, 2024
**<u>AMENDED AS OF JUNE 2, 2024</u>**

*<u>VIA EMAIL</u>*

Kurt David Hermansen
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
Kurt_Hermansen@fd.org

      Re:    *United States v. Jared Lane Wise*
               Case No. 23-cr-184

Dear Counsel:

      This evening, I have shared an additional production of discovery in this case. This letter also serves as a response to your January 16, 2024, and April 23, 2024 emails, which included extensive discovery requests. This production is being shared via USAfx. If you have any questions regarding the provided discovery or are missing something, feel free to call or email me. Please note that this production contains Protective Order materials. Subfolders on USAfx designate, by subfolder title, the designation of particular files under the Protective Order.

## I.      The Government's General Objections

      As a threshold matter, the government appreciates its constitutional and statutory obligations to disclose material under Rule 16, *Brady*, *Giglio*, and the Jencks Act, and has and will continue to make appropriate disclosures on an ongoing basis. The government believes it has met its obligations and will continue to do so. The government's provision of information in discovery or in response to this letter should not be interpreted as a concession that the material falls within the government's constitutional or statutory discovery obligations.

      The government objects to many of the requests contained in your letter. As you are aware, Rule 16 and *Brady* are limited to evidence that is "relevant" and/or "material" to a case. *See, e.g.*, Rule 16(a)(1)(A) ("Upon a defendant's request, the government must disclose to the defendant the substance of any *relevant* oral statement made by the defendant . . . .) (emphasis added); Rule

16(a)(1)(E) ("Upon a defendant's request, the government must permit the defendant to inspect and to copy . . . items, if the item is within the government's possession, custody, or control and (i) the item is *material* to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.") (emphasis added); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence *favorable to an accused* upon request violates due process where the evidence is *material* either to guilt or to punishment . . . .")

A number of your requests exceed the bounds of discovery set out in these rules. First, the majority of your numerous requests are overbroad and/or seek information seemingly disconnected from the issues in the case. Courts have made clear that *Brady*, Rule 16 and other discovery rules are not levers to crack open the government's files and do not justify "fishing expeditions," "utter speculation," or "shots in the dark." "To be material the evidence must 'bear more than some abstract logical relationship to the issues in the case.'" *United States v. Slough*, 22 F. Supp. 3d 1, 5 (D.D.C. 2014) (quoting *United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998)). Additionally, the evidence must "be related to refutation of the government's case in chief and not to [the] establishment of an independent . . . bar to the prosecution." *United States v. Apodaca*, 287 F. Supp. 3d 21, 39 (D.D.C. 2017) (quoting *United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000); *see also Gray v. Netherland*, 518 U.S. 152, 168 (1996) ("[T]here is no general constitutional right to discovery in a criminal case, and *Brady*, which addressed only exculpatory evidence, did not create one."). Therefore, as set out below, the government objects to a number of your requests and asks, if you continue to seek these materials, that you make a showing that the materials requested are material or relevant to this case. *See United States v. Oseguera Gonzalez*, 507 F.Supp.3d 137, 168 (D.D.C. 2020) (C.J. Howell) ("If the government does not plan to rely on evidence in its case-in-chief, then to be entitled to access requested items, a defendant must show that the items are 'material to preparing the defense.'") (quoting Rule 16(a)(1)(E)(i)).

## II.    The Government's Responses to Defendant's Specific Requests[1]

### a.   Material Already Provided and Continuing To Be Provided on an Ongoing Basis

The United States has already produced material responsive to a significant number of your requests, either through case-specific or global discovery. Specifically, the United States has already produced material relevant to the following requests and will produce any additional discoverable information it identifies.

- You have requested video footage and other information pertinent to the defendant's location from January 6, 2021. *See* Requests 1a, 1b, 5, 15, 49b. The United States has

---

[1] For efficiency, the United States has endeavored to respond to your requests in various categories. The categories throughout this letter are for efficiency and ease of reference only. The inclusion of a request in one category does not imply it could not be equally well positioned in another category, except to the extent that the United States is providing a response as part of this production or plans to provide additional material, that will be explicit.

produced or provided access to the videos and images of the defendant at the U.S. Capitol building on January 6, 2021, that it has identified to date and which it currently intends to use during its case-in-chief. To the extent we identify additional images of the defendant, we will produce those in advance of trial and according to deadlines set by the Court.

- You have requested information related to general U.S. Capitol Police and Metropolitan Police Department activities and training, related to January 6, 2021. *See* Requests 8, 16, 17. To the extent relevant, those materials have been and will continue to be produced, including in global discovery in this case.

- You have requested information related to the restricted perimeter established on January 6, 2021. *See* Requests 6, 7.  Responsive information has been provided in global discovery and will continue to be provided on a rolling basis.

- You have requested the identities of alleged victims, their disciplinary records, any written statements about alleged victims, and their body worn camera footage. *See* Requests 2a, 2b. To the extent relevant to this case, this information has been provided through case-specific and global discovery and will continue to be provided. Additionally, the government objects to a blanket request for officers' personnel records. Please provide an explanation as to the relevance and materiality of these items in this case and identify the specific items within the file that you are requesting. In advance of trial, the government will produce any additional information required to comply with its Jencks and *Giglio* obligations regarding specific officers if the government decides to call such officers as witnesses.

To the extent your requests seek evidence that does not depict or relate directly to the defendant, the government requests that you: (1) identify the provision of Rule 16 or any other legal authority that supports your request; and (2) provide an explanation of the relevance and materiality of the requested materials to this case.

### b.  Notes to FBI 302s

You have requested notes to FBI 302s. *See* Requests 24, 37, 38, 39, 40. FBI 302s contain a summary of the author's recollection of certain witness interviews. The United States will review any notes associated with a 302 for discoverable information. To the extent an author of a particular FBI 302 is called to testify at trial, the United States will further evaluate its disclosure obligations with respect to any written statements from that individual.

### c.  Tipster Information

In several requests, have requested information about individuals that have provided information to the United States. *See* Requests 25, 31, 32, 34, 49a. The defendant is not entitled to this information. The information, to the extent it exists, is privileged. *See Roviaro v. United States*, 353 U.S. 53 (1957) (holding that the government enjoys a qualified, though "time-honored" privilege to withhold the identity of its informants from criminal defendants); *United States v.*

*Brodie*, 871 F.2d 125, 128 (D.C. Cir. 1989); *In re Sealed Case*, 856 F.2d 268 (D.C. Cir. 1988) (law-enforcement privilege); *In re Anthem, Inc. Data Breach Litig.*, 236 F. Supp. 3d 150 (D.D.C. 2017); *Sulemane v. Mnuchin*, No. 16-1822, 2019 U.S. Dist. LEXIS 5, 2019 WL 77428 (D.D.C. 2019) (law enforcement privilege is a qualified one that "serves to preserve the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations"). Under the Supreme Court's decision in *Roviaro v. United States*, 353 U.S. 53 (1957), the informer's privilege "permits the government to withhold disclosure of an informant's identity or the contents of a communication which would endanger the secrecy of that information." *United States v. Yunis*, 867 F.2d 617, 622 (D.C. Cir. 1989). "This privilege exists to further 'the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.' *Roviaro* held that this privilege must give way when disclosure of the information 'is relevant and helpful to the defense of an accused.'" *Id.* (quoting *Roviaro*, 353 U.S. at 60-61).

The government is aware of its obligations to disclose impeachment material under *Giglio v. United States*, 405 U.S. 150 (1972) and 18 U.S.C. § 3500. In the event this matter proceeds to trial, and in the event the government calls any of these individuals as witnesses at trial, it will comply with its *Giglio* and Jencks obligations. *See generally United States v. Edelin*, 128 F. Supp. 2d 23, 38 (D.D.C. 2001) ("[T]he government must provide impeachment styled information concerning government witnesses in time for defendants to make use of it.").

### d. Additional Overboard or Irrelevant Requests

You have requested certain categories of information that are overbroad or irrelevant to the facts of this case. *See* Requests 5, 9, 10, 11, 12, 13, 14, 18, 19, 20, 21, 22, 23, 26, 27, 29, 33, 36, 42, 44. To the extent you continue to request these materials, please: (1) identify the provision of Rule 16 or any other legal authority that supports your request, and (2) provide an explanation of the relevance and materiality of the requested materials to this case.

### e. Additional Requests

You have requested certain additional information, addressed below.

- You have requested the "content of communications" from AT&T. *See* Request 35. But the referenced serial—0176-SA-3577551_0000044—notes that the materials were "missing." There is, accordingly, no information to provide at this time.

- You have requested the arrest warrant return for the defendant. *See* Request 3. This is publicly available on the Court's docket. The United States is providing an unredacted copy as part of this production.

- You have requested any video or audio of Wise on the day of his arrest, including any audio or video recorded during his detention in the police vehicle while the search warrant was being executed and during his transport to court by law enforcement. *See* Requests 4,

4

30. The United States is providing material responsive to this request as part of this production. To the extent the United States identifies additional responsive information, it will be provided.

- You have requested the sketch, photolog and all photos from the disc entered into a physical and digital 1A for the search of the defendant's residence and vehicle. *See* Request 28. The United States is provided responsive information in this production.

- You have requested reproduced, working copies of videos referenced in Serial 89— 0176-SA-3577551_0000089. *See* Request 43. Those materials have been provided to you in the same format the FBI has them. You have further been provided with the url links to the relevant videos and may reproduce downloads from these open-source records as part of your investigation or trial preparation if you wish.

- You have requested copies of certain other videos. *See* Request 41. The serial you refer to in this request--0176-SA-3577551_0000086—provides url links to videos. Accordingly, the defendant has already had access to these materials through discovery. To the extent the United States intends to use these videos at trial and includes them on its exhibit list, the United States will provide copies of the videos as exhibits.

- You have requested, as referenced in "0176-SA-3577551_0000094," the checkout evidence receipt and chain of custody documents for the defendant's phone. *See* Request 45. As noted in the document, those materials were provided to you on August 23, 2023.

- You have requested subpoena returns from Extra Space Storage, HEI Hotels and Resorts, and the NY Federal Reserve Bank. *See* Requests 46, 47. The United States is provided responsive information in this production.

- You have requested a reproduced copy of "0176-SA-3577551-GJ_0000036." *See* Request 48. The United States is provided responsive information in this production.

- On April 23, 2024, you emailed a separate request: "Have the results from the subpoena served on Google been provided to us in discovery?" These materials were produced to you in the following serials and their attachments:
  - o  0176-SA-3577551_0000037.
  - o  0176-SA-3577551_0000046.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

Many of the materials produced are outside the scope of Rule 16 and other discovery obligations here, but the United States is producing them as part of our broad approach to identifying and producing materials related to subjects who the United States has identified as associated with any of the defendants.

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the United States anticipates that a large volume of materials may contain information relevant to this prosecution.

These materials are being produced through the Global Discovery production system on Relativity and Evidence.com. To date, you should have received Global Productions 1-29 on those systems. Please let me know if you are unable to access the materials produced on those two systems.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

All materials deemed "Sensitive" and "Highly Sensitive" should be treated in accordance with the Protective Order previously entered in this case. Any videos (other than those taken from public sources) and grand jury materials should be considered Highly Sensitive, pursuant to the limitations in Paragraph 4 of the protective order. *See* ECF No. 16.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that the defendant disclose prior statements of any witnesses the defendant intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide the defendant with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that the defendant provide the government with the appropriate written notice if the defendant plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact us.

Sincerely,

*/s/ Anthony W. Mariano*
Anthony Mariano
Trial Attorney & Detailee
U.S. Attorney's Office, District of Columbia
(202) 476-0319
Anthony.Mariano2@usdoj.gov

6

Attachment B



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*601 D Street., N.W.*
*Washington, D.C. 20530*

April 23, 2024
**AMENDED AS OF JUNE 2, 2024**

**VIA EMAIL**

Kurt David Hermansen
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
Kurt_Hermansen@fd.org

      Re:    *United States v. Jared Lane Wise*
               Case No. 23-cr-184

Dear Counsel:

      This evening, I have shared an additional production of discovery in this case. This letter also serves as a response to your January 16, 2024, and April 23, 2024 emails, which included extensive discovery requests.  This production is being shared via USAfx. If you have any questions regarding the provided discovery or are missing something, feel free to call or email me. Please note that this production contains Protective Order materials. Subfolders on USAfx designate, by subfolder title, the designation of particular files under the Protective Order.

      **I.**      **The Government's General Objections**

      As a threshold matter, the government appreciates its constitutional and statutory obligations to disclose material under Rule 16, *Brady*, *Giglio*, and the Jencks Act, and has and will continue to make appropriate disclosures on an ongoing basis. The government believes it has met its obligations and will continue to do so. The government's provision of information in discovery or in response to this letter should not be interpreted as a concession that the material falls within the government's constitutional or statutory discovery obligations.

      The government objects to many of the requests contained in your letter. As you are aware, Rule 16 and *Brady* are limited to evidence that is "relevant" and/or "material" to a case. *See, e.g.*, Rule 16(a)(1)(A) ("Upon a defendant's request, the government must disclose to the defendant the substance of any *relevant* oral statement made by the defendant . . . .) (emphasis added); Rule

16(a)(1)(E) ("Upon a defendant's request, the government must permit the defendant to inspect and to copy . . . items, if the item is within the government's possession, custody, or control and (i) the item is *material* to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.") (emphasis added); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence *favorable to an accused* upon request violates due process where the evidence is *material* either to guilt or to punishment . . . .")

A number of your requests exceed the bounds of discovery set out in these rules. First, the majority of your numerous requests are overbroad and/or seek information seemingly disconnected from the issues in the case. Courts have made clear that *Brady*, Rule 16 and other discovery rules are not levers to crack open the government's files and do not justify "fishing expeditions," "utter speculation," or "shots in the dark." "To be material the evidence must 'bear more than some abstract logical relationship to the issues in the case.'" *United States v. Slough*, 22 F. Supp. 3d 1, 5 (D.D.C. 2014) (quoting *United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998)). Additionally, the evidence must "be related to refutation of the government's case in chief and not to [the] establishment of an independent . . . bar to the prosecution." *United States v. Apodaca*, 287 F. Supp. 3d 21, 39 (D.D.C. 2017) (quoting *United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000); *see also Gray v. Netherland*, 518 U.S. 152, 168 (1996) ("[T]here is no general constitutional right to discovery in a criminal case, and *Brady*, which addressed only exculpatory evidence, did not create one."). Therefore, as set out below, the government objects to a number of your requests and asks, if you continue to seek these materials, that you make a showing that the materials requested are material or relevant to this case. *See United States v. Oseguera Gonzalez*, 507 F.Supp.3d 137, 168 (D.D.C. 2020) (C.J. Howell) ("If the government does not plan to rely on evidence in its case-in-chief, then to be entitled to access requested items, a defendant must show that the items are 'material to preparing the defense.'") (quoting Rule 16(a)(1)(E)(i)).

## II.   The Government's Responses to Defendant's Specific Requests[1]

### a.   Material Already Provided and Continuing To Be Provided on an Ongoing Basis

The United States has already produced material responsive to a significant number of your requests, either through case-specific or global discovery. Specifically, the United States has already produced material relevant to the following requests and will produce any additional discoverable information it identifies.

- You have requested video footage and other information pertinent to the defendant's location from January 6, 2021. *See* Requests 1a, 1b, 5, ~~14, 48b~~15, 49b. The United States

---

[1] For efficiency, the United States has endeavored to respond to your requests in various categories. The categories throughout this letter are for efficiency and ease of reference only. The inclusion of a request in one category does not imply it could not be equally well positioned in another category, except to the extent that the United States is providing a response as part of this production or plans to provide additional material, that will be explicit.

has produced or provided access to the videos and images of the defendant at the U.S. Capitol building on January 6, 2021, that it has identified to date and which it currently intends to use during its case-in-chief. To the extent we identify additional images of the defendant, we will produce those in advance of trial and according to deadlines set by the Court.

- You have requested information related to general U.S. Capitol Police and Metropolitan Police Department activities and training, related to January 6, 2021. *See* Requests 8, ~~15,~~ 16, 17. To the extent relevant, those materials have been and will continue to be produced, including in global discovery in this case.

- You have requested information related to the restricted perimeter established on January 6, 2021. *See Requests 6, 7.* Responsive information has been provided in global discovery and will continue to be provided on a rolling basis.

- You have requested the identities of alleged victims, their disciplinary records, any written statements about alleged victims, and their body worn camera footage. *See* Requests 2a, 2b. To the extent relevant to this case, this information has been provided through case-specific and global discovery and will continue to be provided. Additionally, the government objects to a blanket request for officers' personnel records. Please provide an explanation as to the relevance and materiality of these items in this case and identify the specific items within the file that you are requesting. In advance of trial, the government will produce any additional information required to comply with its Jencks and *Giglio* obligations regarding specific officers if the government decides to call such officers as witnesses.

To the extent your requests seek evidence that does not depict or relate directly to the defendant, the government requests that you: (1) identify the provision of Rule 16 or any other legal authority that supports your request; and (2) provide an explanation of the relevance and materiality of the requested materials to this case.

### b. Notes to FBI 302s

You have requested notes to FBI 302s. *See* Requests 24, ~~36,~~ 37, 38, 39, 40. FBI 302s contain a summary of the author's recollection of certain witness interviews. The United States will review any notes associated with a 302 for discoverable information. To the extent an author of a particular FBI 302 is called to testify at trial, the United States will further evaluate its disclosure obligations with respect to any written statements from that individual.

### c. Tipster Information

In several requests, have requested information about individuals that have provided information to the United States. *See* Requests 25, ~~30,~~ 31, ~~33, 48~~32, 34, 49a. The defendant is not entitled to this information. The information, to the extent it exists, is privileged. *See Roviaro v. United States*, 353 U.S. 53 (1957) (holding that the government enjoys a qualified, though "time-

3

honored" privilege to withhold the identity of its informants from criminal defendants); *United States v. Brodie*, 871 F.2d 125, 128 (D.C. Cir. 1989); *In re Sealed Case*, 856 F.2d 268 (D.C. Cir. 1988) (law-enforcement privilege); *In re Anthem, Inc. Data Breach Litig.*, 236 F. Supp. 3d 150 (D.D.C. 2017); *Sulemane v. Mnuchin*, No. 16-1822, 2019 U.S. Dist. LEXIS 5, 2019 WL 77428 (D.D.C. 2019) (law enforcement privilege is a qualified one that "serves to preserve the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations"). Under the Supreme Court's decision in *Roviaro v. United States*, 353 U.S. 53 (1957), the informer's privilege "permits the government to withhold disclosure of an informant's identity or the contents of a communication which would endanger the secrecy of that information." *United States v. Yunis*, 867 F.2d 617, 622 (D.C. Cir. 1989). "This privilege exists to further 'the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.' *Roviaro* held that this privilege must give way when disclosure of the information 'is relevant and helpful to the defense of an accused.'" *Id.* (quoting *Roviaro*, 353 U.S. at 60-61).

The government is aware of its obligations to disclose impeachment material under *Giglio v. United States*, 405 U.S. 150 (1972) and 18 U.S.C. § 3500. In the event this matter proceeds to trial, and in the event the government calls any of these individuals as witnesses at trial, it will comply with its *Giglio* and Jencks obligations. *See generally United States v. Edelin*, 128 F. Supp. 2d 23, 38 (D.D.C. 2001) ("[T]he government must provide impeachment styled information concerning government witnesses in time for defendants to make use of it.").

### d. Additional Overboard or Irrelevant Requests

You have requested certain categories of information that are overbroad or irrelevant to the facts of this case. *See* Requests 5, 9, 10, 11, 12, 13, ~~17~~14, 18, 19, 20, 21, 22, 23, ~~25,~~26, ~~28, 32, 35, 41, 43~~27, 29, 33, 36, 42, 44. To the extent you continue to request these materials, please: (1) identify the provision of Rule 16 or any other legal authority that supports your request, and (2) provide an explanation of the relevance and materiality of the requested materials to this case.

### e. Additional Requests

You have requested certain additional information, addressed below.

- You have requested the "content of communications" from AT&T. *See* Request ~~34a~~35. But the referenced serial—0176-SA-3577551_0000044—notes that the materials were "missing." There is, accordingly, no information to provide at this time.

- You have requested the arrest warrant return for the defendant. *See* Request 3. This is publicly available on the Court's docket. The United States is providing an unredacted copy as part of this production.

- You have requested any video or audio of Wise on the day of his arrest, including any audio or video recorded during his detention in the police vehicle while the search warrant

4

was being executed and during his transport to court by law enforcement. *See* Requests 4, 2930. The United States is providing material responsive to this request as part of this production. To the extent the United States identifies additional responsive information, it will be provided.

- You have requested the sketch, photolog and all photos from the disc entered into a physical and digital 1A for the search of the defendant's residence and vehicle. *See* Request 2728. The United States is provided responsive information in this production.

- You have requested reproduced, working copies of videos referenced in Serial 89— 0176-SA-3577551_0000089. *See* Request 4243. Those materials have been provided to you in the same format the FBI has them. You have further been provided with the url links to the relevant videos and may reproduce downloads from these open-source records as part of your investigation or trial preparation if you wish.

- You have requested copies of certain other videos. *See* Request 4041. The serial you refer to in this request--0176-SA-3577551_0000086—provides url links to videos. Accordingly, the defendant has already had access to these materials through discovery. To the extent the United States intends to use these videos at trial and includes them on its exhibit list, the United States will provide copies of the videos as exhibits.

- You have requested, as referenced in "0176-SA-3577551_0000094," the checkout evidence receipt and chain of custody documents for the defendant's phone. *See* Request 4445. As noted in the document, those materials were provided to you on August 23, 2023.

- You have requested subpoena returns from Extra Space Storage, HEI Hotels and Resorts, and the NY Federal Reserve Bank. *See* Requests 45, 46, 47. The United States is provided responsive information in this production.

- You have requested a reproduced copy of "0176-SA-3577551-GJ_0000036." *See* Request 4748. The United States is provided responsive information in this production.

- On April 23, 2024, you emailed a separate request: "Have the results from the subpoena served on Google been provided to us in discovery?" These materials were produced to you in the following serials and their attachments:
  - 0176-SA-3577551_0000037.
  - 0176-SA-3577551_0000046.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Many of the materials produced are outside the scope of Rule 16 and other discovery obligations here, but the United States is producing them as part of our broad approach to identifying and producing materials related to subjects who the United States has identified as associated with any of the defendants.

5

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the United States anticipates that a large volume of materials may contain information relevant to this prosecution. These materials are being produced through the Global Discovery production system on Relativity and Evidence.com. To date, you should have received Global Productions 1-29 on those systems. Please let me know if you are unable to access the materials produced on those two systems.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

All materials deemed "Sensitive" and "Highly Sensitive" should be treated in accordance with the Protective Order previously entered in this case. Any videos (other than those taken from public sources) and grand jury materials should be considered Highly Sensitive, pursuant to the limitations in Paragraph 4 of the protective order. *See* ECF No. 16.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16.  I will provide timely disclosure if any such material comes to light.  Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that the defendant disclose prior statements of any witnesses the defendant intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide the defendant with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that the defendant provide the government with the appropriate written notice if the defendant plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact us.

Sincerely,

*/s/ Anthony W. Mariano*
Anthony Mariano
Trial Attorney & Detailee
U.S. Attorney's Office, District of Columbia
(202) 476-0319
Anthony.Mariano2@usdoj.gov

6

Attachment C

| | |
|---|---|
| **From:** | Mariano, Anthony (USASPC) |
| **To:** | Kurt Hermansen |
| **Cc:** | Kip Manley; Maria Rutledge; Peyton Lee |
| **Subject:** | RE: U.S. v. Jared Wise, 23-cr-184: Additional BWC Information |
| **Date:** | Sunday, May 12, 2024 3:11:00 PM |

Hi Kurt,

I hope you are enjoying your vacation.  As you note, you asked months ago whether we would be filing a bill of particulars, and I indicated at that time that we would not.  Mr. Wise was charged by criminal complaint over a year ago, in April 2023.  The complaint notes the following:

> A review of MPD BWC footage revealed WISE engaging with police officers. At approximately 4:21 PM EST, on the Upper West Terrace, WISE tells MPD officers, "You guys are disgusting. I'm former—I'm former law enforcement. You're disgusting. You are the Nazi. You are the Gestapo. You can't see it. . . . Shame on you! Shame on you! Shame on you!" When violence against law enforcement began in front of WISE, including officers being knocked to the ground directly in front of him, WISE turned in the direction of the violence and shouted, "Yeah, fuck them! Yeah, kill 'em!" A few seconds later, as assaults continued, he shouted in the direction of the rioters attacking the police line, "Kill 'em! Kill 'em! Kill 'em!"

ECF No. 1-1 at 5.  On May 31, 2023, Mr. Wise was charged by indictment with, among other offenses, civil disorder and aiding and abetting (in Count One) and assaulting, resisting, or impeding certain officers and aiding and abetting (in Count Two).  ECF No. 9.  A few weeks later, on June 22, 2023, I gave you and your client a reverse proffer, in which I shared certain videos, including BWC footage depicting the moments referred to in the above-quoted portion of the complaint.  I produced several BWC videos to you in the first round of discovery, on July 18, 2023, while the Court will still considering the government's motion for protective order.  Each of the BWC videos provided captured footage relevant to the relevant moments on the Upper West Terrace.

The only basis on which you have requested a bill of particulars is to identify the specific officers that were victims of Count Two.  As is clear from the complaint, reverse proffer, and discovery, Mr. Wise shouted and encouraged a group of rioters to "get 'em!" and "kill 'em!" while a line of police officers were being assaulted on the Upper West Terrace.  There does not appear to be—nor could there be—any lack of clarity regarding the nature and circumstances of the offense, based on all the information you have been provided.  Moreover, the identity of specific victims is not necessary in an indictment, nor does it justify a bill of particulars.  *See, e.g.*, *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient.").

Nevertheless, in the hopes of avoiding unnecessary motions practice, and without conceding that the government is obligated to provide this information, the United States offers the following additional information.  The United States again emphasizes that the investigation is ongoing and that the below information is not exhaustive.

- On May 3, 2024, pursuant to your request that the government identify additional BWC relevant to your cases, I provided you a list of officers with BWC from the relevant time period

that were in the area of Mr. Wise, while noting that list was not exhaustive. The government has identified from that list the following officers who most clearly either observe or are a part of the assaultive conduct on the Upper West Terrace at the relevant time.

- Alberti, Tabitha
- Bennett, Dallas
- Boyd, Clarence
- Braschnewitz, Victor*  [This officer was not included in the below list.]
- Brown, Tyquan
- Caballero, Enrique
- Costello, Dalentina
- Dean, Paul
- Delozier, Kevin
- Devlin, Joseph
- Gonzalez, Harolin
- Hansohn, John
- Khan, Faraz
- Leano, Dan Patrick
- Lowery, Tyrone
- Owens, Stephen
- Padilla, Anthony
- Pugh, Mark
- Romero, Kevin
- Thornton, Linwood
- Van Duyse, Michael
- Vanacore, Christopher
- Veizaj, Kevin
- White, Quintin

- The list of victim officers would include at least the following officers. Again, this list is not exhaustive and does not restrict the government's proof at trial:
  - Alberti, Tabitha
  - Bennett, Dallas
  - Boyd, Clarence
  - Brown, Tyquan
  - Caballero, Enrique
  - Dean, Paul
  - Hansohn, John
  - Leano, Dan Patrick
  - Van Duyse, Michael

Best regards,

Anthony

**Anthony W. Mariano**
Trial Attorney | U.S. Department of Justice | Antitrust Division

Detailed to the U.S. Attorney's Office for the District of Columbia
Cell: 202-476-0319
Anthony.Mariano2@usdoj.gov

---

**From:** Kurt Hermansen <Kurt_Hermansen@fd.org>
**Sent:** Wednesday, May 8, 2024 11:16 AM
**To:** Mariano, Anthony (USASPC) <AMariano@usa.doj.gov>
**Cc:** Kip Manley <Kip_Manley@fd.org>; Maria Rutledge <Maria_Rutledge@fd.org>; Peyton Lee <Peyton_Lee@fd.org>
**Subject:** [EXTERNAL] RE: U.S. v. Jared Wise, 23-cr-184: Additional BWC Information

Hi Anthony,
I'm doing my best to enjoy my much-needed vacation and not think about work. But I did want to respond quickly to your email to thank you for your response.

I also want to ask you if you are prepared to identify, by name, the officer**s** who were assaulted in connection with Jared Wise's alleged fighting words. I've highlighted below the relevant part of your email concerning the assault charge. I had assumed that the assault charge pertained to an as-of-yet unnamed (single/particular) officer. In your email you use the plural word "officers." I previously asked if you'll be filing a bill of particulars and you indicated you would not. If that remains true, the defense will need to file a motion for a bill of particulars so that we can prepare for trial without having to guess which federal officer**s** were the alleged targets of Mr. Wise's alleged fighting words. Thank you for considering this renewed request for information that will help us prepare for trial in a timely manner.
Regards,
Kurt

---

**From:** Mariano, Anthony (USASPC) <Anthony.Mariano2@usdoj.gov>
**Sent:** Friday, May 3, 2024 6:02 PM
**To:** Kurt Hermansen <Kurt_Hermansen@fd.org>
**Cc:** Kip Manley <Kip_Manley@fd.org>; Maria Rutledge <Maria_Rutledge@fd.org>
**Subject:** U.S. v. Jared Wise, 23-cr-184: Additional BWC Information

Counsel,

On April 30, 2024, you informed me that you "will soon be asking for discovery of the names or body camera numbers of certain law enforcement officers whose body cameras would have capture key video angles that we need to watch."  As you know, on July 18, 2023, in the first discovery production in this case—made before the Protective Order had been entered—we provided you relevant BWC footage from officers that depicted your client on the Upper West Terrace at the approximately 4:21PM ET time frame, when **officers** are assaulted and he shouts out "Kill 'em! Kill 'em!  Kill 'em!"  That was the BWC the government had identified that was relevant to the case at the time.

Separately, as part of our global discovery efforts, the government provided you on August 14, 2023 a letter that summarized productions of evidence through Relativity and Evidence.com—which January 6 defendants broadly have access to.  That letter summarized, at length, the contents of various productions into these databases.  In pertinent part, I would direct you to the summary of Global Production 8 (pages 10–12), which summarizes the disclosure of substantial BWC footage, and a spreadsheet that summarizes the locations of officers by name and by BWC.  As that letter noted, the production included the following:

> BWC Summary Spreadsheet Version 1 - USAO Work Product (CAPD_000003190). This document is designated Sensitive under the protective order. The spreadsheet was created by USAO staff based on a review of BWC from responding law enforcement agencies including MPD, Montgomery County Police Department, and Fairfax County Police Department.

That letter included a footnote with directions on how to use this spreadsheet to find additional BWC relevant to your client, particular locations, or relevant interactions.  A second version of this spreadsheet was included in Global Production 9 (page 12).  Global Production 14 (page 19) included a spreadsheet of MPD BWC serial numbers and owner names.  Global Production 24 (pages 35–36) included a further revised spreadsheet.  These global productions provide important tools to aid the defense in sorting through global discovery to identify additional body worn camera footage that may wish to review.

In response to your anticipated request, the United States has sought to compile a list of additional officers with body worn camera footage available on Evidence.com, which depict the area in which your client was present at approximately 4:21PM on the Upper West Terrace.  I have focused on identifying officers in two adjacent areas: (1) the western portion of the northwest courtyard, where officers were assaulted at approximately 4:22PM and the ensuing minutes, and (2) the lower portion just to the west of that location, where the defendant stood and cheered on the other rioters.  Please note that there was a very large number of officers present.  The below list includes officers with BWC that may depict the area where your client was present, but it does not include officers who may have been nearby securing other locations (e.g., the Upper West Terrace Door, the top of the northwest stairs, the Senate Wing Door, or the Parliamentarian Door).  Further, it is important to note that this list is not meant to be exhaustive, but merely a supplement to what the government has previously provided depicting your client and a supplement to your own review of the BWC footage based on the tools provided in global discovery.  I compiled this list largely by using the global discovery tools available to you.  You should use the tools available to you in global discovery to conduct your own investigation to the extent you believe it is appropriate.

<u>Officers in the Area</u>
Agyeman, Kwaku
Alberti, Tabitha
Amigo, Jonathan
Arhin, George
Beistline, Iris
Bennett, Dallas

Bethel, Jovan
Bingner, Allison
Boyd, Clarence
Brown, Tyquan
Caballero, Enrique
Campanale, Anthony
Campbell, Joseph
Carrion, Ricardo
Chih, Stephen
Choi, Eddie
Christian, Christopher
Clemens, Christopher
Cole, Brittany
Core, Angelique
Costello, Dalentina
Czerwinski, Michael
DaCruz, Michael
Dean, Paul
Delozier, Kevin
Devlin, Joseph
Dieng, Abdul
Finck, Benjamin
Geiger, Richard
Gleam, Michael
Gonzalez, Harolin
Gravesmill, Brandon
Hansohn, John
Hillgren, Lorelei
Jankowski, Michal
Karaali, Hakan
Khan, Faraz
Kurtz, Gregory
Latif, Nina
Leano, Dan Patrick
Lee, Jake
Lowery, Tyrone
Madera, Bryan
Maslona, Jeffrey
Melendez, Brianna
Miller, Thomas
Mullen, Mark
Niewenhous III, Robert
Owens, Stephen
Padilla, Anthony
Pakeman, Keith

Panara, Gabrielle

Phan, Michael

Pugh, Mark

Romero, Kevin

Rowley, Anthony

Samaraay, Imar

Schwarzer, William

Solomon, Linwood

Stacks, Brian

Thornton, Linwood

Tobe, Christian

Van Duyse, Michael

Vanacore, Christopher

Veizaj, Kevin

Walker, Desiree

Weber, Kyle

White, Quintin

Yarosis, Nicholas

Zamora, Esmeralda

Best regards,

Anthony

**Anthony W. Mariano**
Trial Attorney | U.S. Department of Justice | Antitrust Division
Detailed to the U.S. Attorney's Office for the District of Columbia
Cell: 202-476-0319
Anthony.Mariano2@usdoj.gov