UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | | No. 1:23-cr-184 |
| JARED WISE, | | |
| Defendant. | | |

GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves *in limine* pursuant to Fed. R. Evid. 401 and 403, to restrict the presentation of evidence regarding business dealings between Jared Wise and G.E.D., including a civil lawsuit regarding a fraud/property dispute between the Wise and G.E.D. and any investigation related to the dispute.

## I.      Legal Standard

Courts evaluate the admissibility of evidence on a pretrial motion *in limine* according to the framework established by Federal Rules of Evidence 401 and 402. *See Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 66-67 (D.D.C. 2014); *see also United States v. Sutton*, 636 F. Supp. 3d 179, 190 (D.D.C. 2022); *Democracy Partners, LLC v. Project Veritas Action Fund*, No. 17-1047, 2022 WL 3334689, at *3 (D.D.C. Aug. 12, 2022). The first step of the admissibility framework is that "the Court must assess whether the evidence is relevant." *Id*. at 66. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless an applicable authority provides otherwise, whereas "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. The proponent of admitting an item

of evidence has the initial burden of establishing relevance. *See Dowling v. United States*, 493 U.S. 342, 351 n.3, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020).

Even if the proponent of an item of evidence can demonstrate its relevance, the Court may still conclude that it is inadmissible if "the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court" provide for its exclusion. Fed. R. Evid. 402. Rule 403 of the Federal Rules of Evidence states that a court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II.      Argument

The Court should restrict the presentation of evidence regarding business dealings between Jared Wise and G.E.D., including a civil lawsuit regarding a fraud/property dispute between Wise and G.E.D. and any investigation related to the dispute because the evidence has no tendency to make a fact more or less probable than it would be without the evidence and it is of no consequence in determining the action. Even if the evidence is relevant pursuant to Rule 401, its probative value is substantially outweighed by a danger of confusing the issues, misleading the jury, and creating a mini trial within the trial.

Wise states that the "nature of the relationship with G.E.D." is "unrelated to January 6th or the charges in this case." (Response to Government's Motion to Modify Conditions of Release at 2). The government agrees. In this case, the government charged Wise with violations of law arising from his conduct on January 6, 2021. The issues at the center of G.E.D. and Wise's business dealings and civil lawsuit arising from that conduct are not related to the charges in this case – the

dispute is over a piece of land in France and an alleged fraudulent business deal in late 2021 to 2022. This trial is not the forum to dispute foreign property or fraud claims that Wise may have against G.E.D. and whether a government investigation took place. It has no bearing on Wise's conduct or intent on January 6 and it risks confusing the issues, misleading the jury, causing undue delay, and wasting time. Fed. R. Evid. 403. Further, there is no reason to use G.E.D. and Wise's business relationship as impeachment evidence as the government does not plan to call G.E.D. as a witness at trial[1].

### III.    Conclusion

For the foregoing reasons, the Court should restrict the presentation of evidence regarding business dealings between Jared Wise and G.E.D., including a civil lawsuit regarding a fraud/property dispute between the Wise and G.E.D. and any investigation related to the dispute.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ Sarah Rocha
       Sarah Rocha
       Trial Attorney / Detailee
       D.C. Bar No. 977497
       601 D Street, NW
       Washington, DC 20579
       Tel. No.:  202-330-1735
       Email: sarah.wilsonrocha@usdoj.gov

       /s/ Taylor Fontan
       Taylor Fontan
       Assistant United States Attorney
       Indiana Bar No. 35690-53
       601 D St. N.W, Washington, D.C. 20530
       Tel. No.: (202) 815-8597
       Email: taylor.fontan@usdoj.gov

---

[1] The government reserves the right to call G.E.D. as a witness at sentencing.