**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| United States of America, | Case No. 1:23-cr-00184-RDM |
| Plaintiff, | |
| v. | Defendant's Reply to Government's Opposition to Defendant's Motion to Continue Trial (ECF 132) |
| Jared Lane Wise, | |
| Defendant. | |

The defendant, Jared Wise, by and through Assistant Federal Public Defender Peyton Lee and Supervisory Assistant Federal Public Defender Kurt Hermansen, moved to continue the trial date. ECF 120 & 122 ("Motion"). The government filed an "Opposition" to that motion. ECF 132. Mr. Wise respectfully submits this reply to that Opposition.

I.     **Reply**

A.     **Here, based on the indisputable facts and law, the government must provide the identify of the alleged victims for Counts One and Two and has refused to do so.**

The Opposition claims that the government "is not required to identify the victims for 18 U.S.C. § 111(a) and 18 U.S.C. § 231(a)(3) charges." ECF 132 at 3. Not so. The defense has already rebutted this allegation and provided extensive caselaw supporting the notion that the defendant must know the alleged victim of such charges.[1]

_____

[1] *See* Defendant's Motion to Dismiss Counts One and Two or Require a Bill of Particulars, ECF 33 at 14-18, 22-24; Defendant's Reply to Government's Opposition to Motion to

Page 1  Defendant's Reply to Government's Opposition to Defendant's Motion to Continue Trial (ECF 132)

In fact, this Court agreed with the defense during the motions hearing on August 26, 2024. *See* ECF 122 at 3. The government then partially complied with the Court by providing screenshots of some of the potential principals, but later made clear that the government is not limiting their theory of the case, nor limiting their list of potential victims. The information provided then is not precise or conclusive and does not satisfy the defense's due process issue of not knowing the alleged victims. At the October 21, 2024, hearing, the defense will have had only one business day to review 30 gigabytes of exhibits (that are in draft form, not yet labeled in full for our trial) and the government's witness list.

The Opposition states that the Court is capable of resolving these issues within the next few weeks before trial. The only party here that can resolve this issue is the government themselves. If they specify the alleged victim officer, the issue would be resolved and the defense would then be in a position to focus on a specific defense. Until that time, the issue of the identity of the alleged victim officer remains a burden and an obstacle for the November 1, 2024, trial date.

**B.**     **The government's first mention of "group assault" theory was on August 26, 2024, which provides an inadequate amount of time for the defense to prepare for the November 1, 2024 trial date.**

The Opposition states that "[t]he defendant has had over a year and a half to assess the countours of this case and has been on notice that the government plans to pursue a 'group assault' theory as one of its theories of liability." ECF 132 at 4. The phrasing of that sentence makes it seem that the government has stated its "group assault" theory for over a year and a half. The

---

Dismiss Counts One and Two or Require a Bill of Particulars, ECF 68 at 17-20; Defendant's Motion to Continue Trial to a Date On or After September 16, 2024, ECF 70 at 7-11; Defendant's Reply to Government's Opposition to Defense's Motion to Compel Discovery, ECF 83 at 18-19; Defendant's Proposed Jury Instructions, ECF 108 at 22-28.

defense disagrees with this account. The first time the government made explicit mention of a "group assault" theory was during the motions hearing on August 26, 2024, and only when pressed by the Court. ECF 99 Tr. at 54. At no time before August 26, 2024, did the government notify the defense or make reference to a "group assault" theory of its case.

Not only was the defense unaware of the government's group assault theory, but the Court was as well. *Id.* The Court had to clarify with the government that the government's theory was that Mr. Wise "aided or abetted some or all of the defendants in the scrum [ ] [a]nd you may be able to prove it as to some and not others or maybe not as to any." *Id.* The Court further clarified with the government that the theory was that the victims "were some or all of those [officers] and you may prove as to some or not others and perhaps not any of them." *Id.* The government answered yes to both of those clarifying questions, marking the first instance in which the government made known to both the defendant and to this Court that they planned to use a "group assault theory." As such, the defense had very little time to research, prepare a possible defense, and attempt to narrow down the scope of the actual assault to prepare an adequate defense. In fact, the defense was provided notice of just over two-months from the trial date, which is a significantly shorter time than the year and a half that the Opposition contends the defense had. ECF 132 at 4.

For the record, Defense maintains that the government theory, given the facts of this case, violates Mr. Wise's due process right to specific notice of the charges and his right to present a complete defense. Given the facts of this case, the group-assault theory puts the defense in the position of shadow boxing in the dark. Further, although the government may sincerely imagine, wish, and advocate that charging "aiding and abetting" is a way of sidestepping established Supreme Court incitement requirements, that concept is wrong.

Page 3  Defendant's Reply to Government's Opposition to Defendant's Motion to Continue
        Trial (ECF 132)

Even if the Court rules that the group assault theory is allowed, given the short notice, the government's group assault theory unfairly burdens the defense, with a small timeframe to re-search and prepare a defense, find transcripts for each offcer in the scrum, etc. Additionally, the enclosed Exhibit A, Declaration of Federal Public Defender Paralegal Maria Rutledge, reflects the defense team's concerted efforts to adequately process discovery in this case to be prepared for a November 1, 2024, trial date and the concerns regarding the inadequacy of the time period remain-ing. Thus, setting the trial date as January 7, 2025, would allow for the defense to prepare an ade-quate defense to the group-assault theory, which was introduced to the Defense only a month and a half ago from the filing of this reply.

C.   **Having trial on and around Election Day is problematic as the allegations against Mr. Wise relate to the certification of the 2020 election results, the 2024 election results probably won't be known for days after November 5, 2024, and by January 7, 2025, we will have certified the election results, erasing that anxiety.**

The alleged conduct by the defendant occurred on January 6, 2021 at the Capitol building, and was part of an event that left many in D.C. feeling great anxiety. The people that marched on the Capitol were mainly, if not all, supporters of then-President Donald Trump.[2] Donald Trump is the Republican nominee for president in the upcoming 2024 election. While it has been almost four years since January 6, the memories of that date have not faded for those residents of Wash-ington D.C., including President Joe Biden, who stated this year that Trump supporters hunted

---

[2] Mary Clare Jalonik, *FACT FOCUS: Trump's misleading claims about the Jan. 6, 2021, attack on the Capitol*, Associated Press, July 4, 2024, https://apnews.com/article/capitol-riot-fact-check-trump-biden-rioters-0b3406e02c86bd057e15c9d8c16ccd51.

Page 4  Defendant's Reply to Government's Opposition to Defendant's Motion to Continue
      Trial (ECF 132)

Nancy Pelosi and injured 140 police officers.[3] Reminders of the events of January 6 are a talking point for Kamala Harris's campgain. Many citzens in D.C. are likely anxious about the possibility of this type of event happening again, especially around election day.

On top of this, it is unlikely that the jurors will know with any degree of certainty what the outcome of the election is or is likely to be on November 5th. As a result, the lack of certainty could lead to an huge distraction from juror attention and ability to deliberate dispassionately.

The Opposition contends that the 2024 election has no relevance to Mr. Wise's trial. ECF 132 at 4-5. This mischaracterizes Mr. Wise's argument. As argued above, potential jurors in Washington D.C. will be subject to a heightened state of prejudice against Mr. Wise as the timing of the trial and election will remind them of the events of January 6. Mr. Wise's argument is not that the 2024 election serves as a basis for the charges, but that the 2024 election, which is set to occur during the trial, will cause more prejudice and distraction among the potential jury. This will raise the chances that Mr. Wise will not get a trial by an impartial jury and will rather be subject to the prejudice against those that allegedly participated in January 6. Ferretting out these prejudices will take a large amount of time and resources in voir dire and resetting the trial is much better suited to handle this challenge.

Therefore, to avoid this kind of prejudice in the potential jury, the trial should be set over until January 7, 2025.

---

[3] Joe Biden, President of the United States of America, "Remarks by President biden on the Third Anniversary of the January 6th Attack and Defending the Sacred Cause of American Democracy | Blue Bell, PA" (Jan. 5, 2024) https://www.whitehouse.gov/briefing-room/speeches-remarks/2024/01/05/remarks-by-president-biden-on-the-third-anniversary-of-the-january-6th-attack-and-defending-the-sacred-cause-of-american-democracy-blue-bell-pa/.

**D.**     **The information from Mr. Wise's FBI file and training records are relevant and admissible to trial as they help to indicate his state of mind during the events of January 6, yet they have not been disclosed.**

Mr. Wise's personnel file and his training records are essential to his defense in the upcoming trial. The file and training records will give an indication of what Mr. Wise has been trained to do in regard to situations like January 6 and possible excessive use of force by law enforcement. Part of FBI training is that potential agents are taken to the Holocaust Museum by the Anti-Defamation League (ADL), so that agents can understand the consequences of mindlessly following orders. Mr. Wise took those lessons to heart given his strong moral compass and sense of justice.

The Opposition contends that Mr. Wise's FBI personnel file and his training records are irrelevant to the trial and do not need to be given over and, thus, the trial date does not need to be set over. ECF 132 at 5-6. However, one of the elements of 18 U.S.C. § 231(a)(3) is that the defendant has the specific intent "to obstruct, impede, or interfere with a law enforcement officer." *United States v. McHugh*, 583 F. Supp. 3d 1, 25 (D.D.C. 2022). Therefore, Mr. Wise's personnel file and training records, which contain evidence and reasonings for his training against excessive force and the trip to the Holocaust Museum, are highly relevant to the mental state Mr. Wise had. Those records will show that Mr. Wise's alleged acts were to prevent an abuse of power by the officer(s) he allegedly assaulted. The records will show that Mr. Wise did not intend to obstruct or interfere with the officer but rather to prevent excessive force by one who was following orders. In addition, the verified ADL training records will help establish, explain, and corroborate why Mr. Wise used words like "Nazi" or "gestapo," when criticizing law enforcement's actions constituting excessive force on January 6.

The Opposition contends that the training records and personnel file are irrelevant to the litigation at hand. ECF 132 at 6-7. Yet, at the same time, the government believes that Mr. Wise's alleged comments calling police "Nazi[s]" and "gestapo" are relevant to the litigation. ECF 88 at 2. If the comments are indeed relevant to the charges against Mr. Wise, it stands to reason that Mr. Wise's ADL-related training records are just as relevant, maybe not relevant to the Government's case, but certainly to his defense. Mr. Wise's training, as stated before, involved a trip to the Holocaust Museum as well as trainings to recognize excessive uses of force.

The Opposition contends that Mr. Wise's alleged comments are relevant to his *mens rea* for the relevant charges. *Id.* They contend that the comments show that Mr. Wise was in opposition to "police's efforts to prevent rioters from further overrunning the Capitol" and that his specific words show his state of mind in demonstrating he wanted to "incite chaos." *Id.* at 4. When those alleged comments are taken in the context of Mr. Wise's training, they reflect his mental state in an entirely different light. That context shows that Mr. Wise sought to voice his passionate displeasure at the uses of excessive force and that he was visibly affected by what he witnessed and experienced. Without this vitally important context, the Opposition is free to argue that his words meant to incite chaos rather than show his mental state of being disturbed and disgusted by the use of excessive force. The Opposition cannot claim that the alleged comments by themselves are highly relevant when the context behind them is missing. In doing this, the Opposition effectively says "if it is heads, I win and if it is tails, you lose."

Because the FBI personnel file and training records are relevant to give context to statements the Opposition contends are highly relevant, more time is needed to turn these files over to

the defense. Thus, to allow for enough time to obtain, review, and exchange these records, the trial

date should be moved to January 7, 2025.

## II.    Conclusion

The Government's effort to continue with an unspecified group-assault-aid-and-abet the-

ory based on the mere words of Mr. Wise, standing outside of a cluster of disjointed, unspecified

scuffles between protestors and officers, is unsupported by the caselaw and runs afoul of essential

First Amendment protections. The defense is unable to appropriately prepare when the founda-

tional, principal felony offenses are not sufficiently specified. As such, the defense maintains that

its motion for dismissal of Count 1 and 2 and motion for bill of particulars should be granted, or

for the Court should order the Government to specify the principal actors that Mr. Wise allegedly

aided and abetted and to specify the precise perpetrators and victims of the Assault and Civil Dis-

order charges.

In light of the Government's current Trial Brief, and the upcoming Presidential election,

postponing the trial to the backup date of January 7, 2025, or other available date is appropriate

and the the defense hereby requests such a continuance.

Respectfully submitted on October 18, 2024.

<table>
<tr><td><em>s/ Peyton Lee</em></td><td><em>s/ Kurt Hermansen</em></td></tr>
<tr><td>Peyton Lee, OSB No. 164224</td><td>Kurt David Hermansen, CA Bar No. 166349</td></tr>
<tr><td>Assistant Federal Public Defender</td><td>Supervisory Assistant Federal Public</td></tr>
<tr><td>101 SW Main Street, Suite 1700</td><td>    Defender</td></tr>
<tr><td>Portland, OR 97204</td><td>859 Willamette St. Suite 200</td></tr>
<tr><td>Tel: (503) 326-2123</td><td>Eugene, OR 97401</td></tr>
<tr><td>Email: Peyton_Lee@fd.org</td><td>Tel: (619) 436-8117</td></tr>
<tr><td></td><td>Email: kurt_hermansen@fd.org</td></tr>
</table>

**Attorneys for Defendant Jared Lane Wise**