UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:23-cr-184 (RDM) |
| : | |
| JARED LANE WISE, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S RESPONSE TO OBJECTIONS TO PROPOSED EXHIBITS IN GOVERNMENT OPENING STATEMENT

Pursuant to the Court's January 6, 2025 Order, the following is the government's response to Defendant's Motion to Exclude and Objections to Exhibits (ECF No. 171). Defendant objects to four items: the restricted perimeter map (Exhibit 106), an image of bike rack and an Area Closed sign (Exhibit 116), screenshots from open-source video showing snow fencing and Area Closed signs (from Exhibit 501), and a screenshot from CCTV footage depicting Vice President Pence's evacuation (from Exhibit 809). The Defendant's objections are meritless and should be rejected.

**A.     GX 106 – Restricted Perimeter Map**

First, Defendant objects to Government Exhibit 106, a map of the restricted perimeter "on relevance and FRE 403 grounds." ECF No. 171 at 1. As the Court likely expects from its continued use in other January 6 trials, the government expects to introduce this exhibit to show a map of the area restricted to the public on January 6, 2021. Government's Exhibit 106 is directly relevant to the elements of the offenses. The document shows the posted, cordoned off, or otherwise restricted area where the Defendant entered and remained, in violation of Counts Three and Four of the Indictment, charging violations of Title 18, United States Code, Sections 1752(a)(1) and 1752(a)(2). The document's probative value is not outweighed by any of the considerations in Rule

1

403. Upon information and belief, no court – in the almost two hundred trials – has excluded this exhibit.

**B.     GX 116 – Image of Bike Rack and Area Closed Sign**

Defendant objects to this image "on relevance, FRE 403, and lack of foundation grounds." ECF No. 171 at 2. The image depicts what bike rack barricades and an Area Closed sign looked like on January 6, 2021. The government expects to introduce this exhibit through a witness that recognizes it as the same or substantially the same as the bike rack and Area Closed signs posted and used to cordon off and otherwise restrict the area on January 6, 2021. The defendant's objection goes to weight of the evidence, not admissibility. The document's probative value is not outweighed by any of the considerations in Rule 403. Similarly, this exhibit(s) has been used continually.

**C.     Screenshots from GX 501 – Open-Source Video Showing Snow Fencing and Area Closed Signs**

Defendant objects to these three images taken from an open-source video "on relevance and FRE 403 grounds." These images depict snow fencing and Area Closed signs on the west front of Capitol grounds on January 6, 2021. They show just some of the ways in which the area was posted, cordoned off, or otherwise restricted, which helps establish the existence of the perimeter in the first instance, and the corresponding knowledge requirement. The defendant's objection goes to weight of the evidence, not its admissibility. The probative value of the images is not outweighed by any of the considerations in Rule 403. Again, this objection, however tried and true, does not pass muster.

**D.    Screenshot of GX 809 – CCTV Footage**

Finally, Defendant objects to a screenshot of Capitol surveillance video depicting Vice President Pence's evacuation. Defendant contends that the image is duplicative of an anticipated stipulation and "needlessly evokes an emotional response to broader protestor conduct that day." ECF 171 at 3-4.

First, even if the parties stipulate to the language quoted in ECF No. 171, admission of Capitol surveillance footage depicting the Vice President's evacuation would not be needlessly cumulative. Although the parties may enter stipulations to assist the trier of fact, the government does not have to stipulate its case away. *See Old Chief v. United States*, 519 U.S. 172, 189 (1997) ("In sum, the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense") (holding that a defendant's legal status in the context of § 922 prosecution is distinct).

Further, the surveillance footage and screenshot image is relevant under Rule 401 in showing, amongst other things, that the defendant's conduct occurred when, or so that, his conduct in fact disrupted the orderly conduct of Government business or official functions. *See* 18 U.S.C. § 1752(a)(2). Government's Exhibit 809 is CCTV that shows the Vice President leaving the Senate Chambers approximately two minutes after the defendant breaches the Capitol building. This is exactly the type of evidence that would tend to show the defendant's actions – in fact – disrupted the orderly conduct of Government business. The image of the Vice President being evacuated due

to the threats posed by the rioters is also not unfairly prejudicial to Defendant. Even if it were, its probative value is overwhelming in context.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar Number 481052

By:    */s/ Taylor Fontan*
        Taylor Fontan
        Assistant United States Attorney
        Indiana Bar No. 35690-53
        601 D St. N.W, Washington, D.C. 20530
        Tel. No.: (202) 815-8597
        Email: Taylor.Fontan@usdoj.gov

        */s/ Sarah Rocha*
        Sarah Rocha
        Trial Attorney / Detailee
        D.C. Bar No. 977497
        601 D Street, NW
        Washington, DC 20579
        Tel. No.: 202-330-1735
        Email: sarah.wilsonrocha@usdoj.gov